IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

PATRICIA A. CHAMBLISS,
THOMAS F. CHAMBLISS,

    Plaintiffs,

Vs.                                      Docket No. C-21-194

FELIPE MARTINEZ;
LUEBE-JONES, INC.; AVADEK, INC.;
AVADEK, INC. d/b/a LUEBE-JONES, INC.;
PERFECTION ARCHITECTURAL SYSTEMS, LLC;
and ENTERPRISE FM TRUST;

    Defendants.

## COMPLAINT

COME NOW your Plaintiffs, Patricia A. Chambliss Thomas F. Chambliss, by and through their attorney Glenn K. Vines, Jr. and Nahon, Saharovich & Trotz, PLC, and file this Complaint against the Defendants, Felipe Martinez; Leube Jones, Inc.; AVAdek, Inc.; AVAdek, Inc. d/b/a Luebe-Jones, Inc.; Perfection Architectural Systems, LLC; and Enterprise FM Trust; and in support thereof state the following to wit:

### I.

### JURISDICTION, VENUE, AND SERVICE OF PROCESS

1.    Plaintiff Patricia A. Chambliss is an adult resident citizen of Madison County, Tennessee.

2.    Plaintiff Thomas F. Chambliss is an adult resident citizen of Madison County, Tennessee.



1

3. Upon information and belief, Plaintiffs allege that Defendant, Felipe Martinez [hereinafter "Martinez"], is an adult resident citizen of Dallas, Texas, residing at 3812 Pomeroy Drive, Dallas, Texas, 75233.

4. Upon information and belief, Plaintiffs allege that Defendant, Luebe-Jones, Inc. [hereinafter referred to as "LJI"], is a foreign for-profit company with a principal place of business located at 12130 Galveston Road, Building 1, Webster, Texas, 77598.

5. Defendant LBI is engaged in manufacturing and installing architectural canopy systems and conducting and transacting business within the State of Tennessee.

6. Defendant LBI is engaged in interstate commerce.

7. Defendant LBI may be served through its President, Brad Leube, at 12130 Galveston Road, Building 1, Webster, Texas, 77598.

8. Upon information and belief, Plaintiffs allege that Defendant AVAdek, Inc. [hereinafter referred to as "AI"], is a foreign for-profit company with a principal place of business located at 12130 Galveston Road, Building 1, Webster, Texas, 77598-1540.

9. Defendant AI is engaged in manufacturing and installing architectural canopy systems and conducting and transacting business within the State of Tennessee.

10. Defendant AI is engaged in interstate commerce.

11. Defendant AI may be served through its registered agent for service of process at Capitol Corporate Services, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee, 37205-1051.

12. Upon information and belief, Plaintiffs allege that Defendant, AVAdek, Inc. d/b/a Luebe Jones, Inc. [hereinafter referred to as "AI-LJI"], is a foreign for-profit company with a principal place of business at 12130 Galveston Road, Building 1, Webster, Texas, 77598-1540.

13. Defendant AI-LJI is engaged in manufacturing and installing architectural canopy

systems and conducting and transacting business within the State of Tennessee.

14. Defendant AI-LJI is engaged in interstate commerce.

15. Defendant AI-LBI may be served through its President, Brad Leube, at 12130 Galveston Road, Building 1, Webster, Texas, 77598.

16. Upon information and belief, Plaintiffs allege that Defendant, Perfection Architectural Systems, LLC [hereinafter referred to as "Perfection"], is a foreign for-profit company with a principal place of business at 12130 Galveston Road, Building 1, Webster, Texas, 77598-1540.

17. Defendant Perfection is engaged in manufacturing and installing architectural canopy systems and conducting and transacting business within the State of Tennessee.

18. Defendant Perfection engaged in interstate commerce.

19. Defendant Perfection may be served through its registered agent, Capitol Corporate Services, Inc., 515 E. Park Avenue, 2nd Floor, Tallahassee, Florida, 32301.

20. Upon information and belief, Plaintiffs allege that Defendant, Enterprise FM Trust [hereinafter referred to as "EFMT"], is a Delaware statutory trust with a principal place of business at 9315 Olive Blvd., Dept. Tulloc, St. Louis, Missouri, 63132-3211.

21. The Trustee of EFMT is BNY (Delaware) [f/k/a The Bank of New York (Delaware)] and the trustee may be served through its registered agent for service of process, BNY Mellon Trust of Delaware, 301 Bellevue Parkway, 3rd Floor, Wilmington, Delaware, 19809.

22. The negligent acts and/or omissions giving rise to this Complaint occurred and/or arose in Madison County, Tennessee, on August 26, 2020. Therefore, jurisdiction and venue are proper before this Honorable Court.

## II.

## FACTUAL ALLEGATIONS

23. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 22 above as if set forth fully herein.

24. On August 26, 2020, the Defendant Martinez was operating a 2018 Chevrolet Silverado [hereinafter "Chevrolet"], VIN 3GCPCNEC8JG277272, Texas License Plate Number KPH9470, eastbound on Tennessee Interstate Highway 40 in Jackson, Madison County, Tennessee.

25. On August 26, 2020, the Defendant LJI owned and maintained the aforementioned Chevrolet.

26. Alternatively, on August 26, 2020, the Defendant AI owned and maintained the aforementioned Chevrolet.

27. Alternatively, on August 26, 2020, the Defendant AI-LJI owned and maintained the aforementioned Chevrolet.

28. Alternatively, on August 26, 2020, the Defendant Perfection owned and maintained the aforementioned Chevrolet.

29. Alternatively, on August 26, 2020, the Defendant EFMT owned and maintained the aforementioned Chevrolet.

30. Alternatively, on August 26, 2020, Defendant LJI and EFMT co-owned and maintained the aforementioned Chevrolet.

31. On August 26, 2020, the Defendant Martinez was an employee of the Defendant LJI working in the course and scope of his employment with LJI.

32. Alternatively, on August 26, 2020, the Defendant Martinez was an employee of the

4

Defendant AI working in the course and scope of his employment with AI.

33. Alternatively, on August 26, 2020, the Defendant Martinez was an employee of the Defendant AI-LJI working in the course and scope of his employment with AI-LJI.

34. Alternatively, on August 26, 2020, the Defendant Martinez was an employee of the Defendant Perfection working in the course and scope of his employment with Perfection.

35. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet with the knowledge, permission and consent of Defendant LJI.

36. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet with the knowledge, permission and consent of Defendant AI.

37. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet with the knowledge, permission and consent of Defendant AI-LJI.

38. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet with the knowledge, permission and consent of Defendant Perfection.

39. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet with the knowledge, permission and consent of Defendant EFMT.

40. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet in the course and scope of his employment for Defendant LJI.

41. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet in the course and scope of his employment for Defendant AI.

42. Alternatively, on August 26, 2020, Defendant Martinez was operating the subject Chevrolet in the course and scope of his employment for Defendant AI-LJI.

43. Alternatively, on August 26, 2020, Defendant Martinez was operating the Chevrolet in the course and scope of his employment for Defendant Perfection.

44. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet as an agent, servant and/or employee of Defendant LBI for the benefit of LBI.

45. The Defendant LBI is vicariously liable for any negligence that Defendant Martinez is found guilty of in this cause of action pursuant to the Tennessee common law of Respondeat Superior.

46. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet as an agent, servant and/or employee of Defendant AI for the benefit of AI.

47. The Defendant AI is vicariously liable for any negligence that Defendant Martinez is found guilty of in this cause of action pursuant to the Tennessee common law of Respondeat Superior.

48. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet as an agent, servant and/or employee of Defendant AI-LBI for the benefit of AI-LBI.

49. The Defendant AI-LBI is vicariously liable for any negligence that Defendant Martinez is found guilty of in this cause of action pursuant to the Tennessee common law of Respondeat Superior.

50. On August 26, 2020, Defendant Martinez was operating the subject Chevrolet as an agent, servant and/or employee of Defendant Perfection for the benefit of Perfection.

51. The Defendant Perfection is vicariously liable for any negligence that Defendant Martinez is found guilty of in this cause of action pursuant to the Tennessee common law of Respondeat Superior.

52. Plaintiffs rely upon TENN. CODE ANN. §55-10-311 and §55-10-312 in support of their claims of vicarious liability against the Defendants.

53. Defendant LBI entrusted the Chevrolet to Defendant Martinez prior to this wreck

occurring.

54. Alternatively, Defendant AI entrusted the Chevrolet to Defendant Martinez prior to this wreck occurring.

55. Alternatively, Defendant AI-LBI entrusted the Chevrolet to Defendant Martinez prior to this wreck occurring.

56. Alternatively, Defendant Perfection entrusted the Chevrolet to Defendant Martinez prior to this wreck occurring.

57. Alternatively, defendant EFMT entrusted the Chevrolet to Defendant Martinez prior to this wreck occurring.

58. On August 26, 2021, at the time of the wreck Defendant Martinez was an agent of LBI and pursuant to the Tennessee common law of agency LBI is vicariously liable.

59. Alternatively, on August 26, 2021, at the time of the wreck Defendant Martinez was an agent of AI and pursuant to the Tennessee common law of agency AI is vicariously liable.

60. Alternatively, on August 26, 2021, at the time of the wreck Defendant Martinez was an agent of AI-LBI and pursuant to the Tennessee common law of agency AI-LBI is vicariously liable.

61. Alternatively, on August 26, 2021, at the time of the wreck Defendant Martinez was an agent of Perfection and pursuant to the Tennessee common law of agency Perfection is vicariously liable.

62. On August 26, 2021, at the time of the subject wreck, Defendants LBI, AI-LBI, and Perfection were agents of AI and, therefore, vicariously liable for any negligence of which AI may be found guilty.

63. Alternatively, on August 26, 2021, at the time of the subject wreck, Defendants,

AI, AI-LBI, and Perfection were agents of LBI and, therefore, vicariously liable for any negligence of which LBI may be found guilty.

63. Plaintiffs allege that at the time of the subject violent wreck, Plaintiff, Thomas F. Chambliss, was operating a 2004 Lexus RX7 [hereinafter referred to as "Lexus"] eastbound on Tennessee Interstate Highway 40 in Jackson, Madison County, Tennessee.

65. Plaintiff, Patricia A. Chambliss, was a front-seat passenger in the Lexus at the time of the violent impact between the Chevrolet and Lexus.

66. Plaintiffs allege that at the time of the subject violent wreck Plaintiff Thomas F. Chambliss was obeying all the rules of the road was driving as a reasonable and prudent driver eastbound on Tennessee Interstate Highway 40 in Jackson, Madison County, Tennessee.

67. Interstate Highway 40 at the site of the subject crash has two lanes traveling east and two lanes traveling west.

68. Plaintiffs allege that on August 26, 2020, at the time of the subject violent wreck, Defendant Martinez was weaving in and out of traffic on Interstate Highway 40 at an extremely high rate of speed.

69. Plaintiffs allege that on August 26, 2020, immediately prior to the subject violent wreck, Defendant Martinez was traveling eastbound on Interstate Highway 40 directly behind Plaintiffs' vehicle.

70. While driving eastbound on Interstate Highway 40, Defendant Martinez caused the front of the Chevrolet truck he was operating to strike the rear of Plaintiff, Thomas F. Chambliss's vehicle.

71. Defendant Martinez failed to maintain reasonable space between the front of his commercial motor vehicle and the rear of the Plaintiffs' vehicle just prior to the wreck.

72. Defendant Martinez was following too closely just prior to the subject violent crash.

73. Plaintiff Thomas F. Chambliss did not cause or contribute to the subject wreck.

74. At the time of the impact between the Chevrolet and Lexus vehicles it was daylight and weather conditions were clear.

75. At or around Interstate Highway 40 at or near Mile Marker 85.20 the subject roadway is flat.

76. At or around Interstate Highway 40 at or near Mile Marker 85.20 there is no grade in the roadway that would obstruct the vision of a driver.

77. Plaintiffs further allege that the violent crash and impact between the front of the Chevrolet and the rear of the Lexus proximately caused Plaintiffs' injuries and damages as a direct result of Defendants' negligence herein described.

78. Plaintiffs further allege that at the time of the subject wreck on August 26, 2020, Thomas F. Chambliss and Patricia A. Chambliss were insured through a policy of uninsured motorist/ underinsured motorist insurance with Safeco Insurance Company of Illinois, NAIC No. 39012, which may be served by delivering a copy of the Summons and Complaint to the Tennessee Commissioner of Insurance located at 500 James Robertson Parkway, Davey Crockett Towers, 5th Floor, Nashville, Tennessee 37243.

## III.

### NEGLIGENT ACTS AND/OR OMISSIONS -MARTINEZ

79. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 78 above as if set forth fully herein.

80. Plaintiffs charge and aver that Defendant Martinez had a duty to operate the commercial motor vehicle in compliance with:

9

(a) The ordinances of the City of Jackson, Tennessee;

(b) The laws of the State of Tennessee;

(c) Industry standards and guidelines governing the safe operation of a vehicle being used for commercial purposes;

(d) Corporate standards and guidelines imposed upon him by his employer;

(e) Reasonable care for an operator operating a vehicle for commercial purposes;

81.  Plaintiffs charge and aver that Defendant Martinez is guilty of one, some, or all of the following acts and/or omissions of common law negligence, which are imputed to Defendants, LJI, AI, AI-LJI, Perfection, and/or EFMT, to-wit:

(a) Negligently failing to use the degree of care and caution in the operation of a vehicle being used for commercial purposes as was required of a reasonable and prudent operator of a vehicle being used for commercial purposes under the same or similar circumstances existing at the time and place of the aforementioned collision;

(b) Negligently and carelessly speeding under the then and there existing circumstances;

(c) Negligently and carelessly failing to maintain a proper lookout ahead;

(d) Negligently and carelessly failing to maintain proper control of a vehicle being used for commercial purposes;

(e) Negligently and carelessly failing to devote full time and attention to the operation of a vehicle being used for commercial purposes;

(f) Negligently failing to adequately and reasonably monitor the flow of traffic;

(g) Negligently failing to use reasonable care to avoid injury to others while operating a vehicle being used for commercial purposes;

(h) Negligently failing to warn;

(i) Negligently following too closely;

(j) Negligently failing to yield;

(k) Negligently violating minimum safe driving skills and practices involving

visual search, space management, speed management, hazard perception, health of driver, and fatigue and awareness;

(j) Negligently driving while fatigued;

(m) Negligently and carelessly failing to apply his brakes, alter his direction of travel or take any other appropriate action when he, by the exercise of due and reasonable care of an operator of a vehicle being used for commercial purposes should have seen that he was approaching Plaintiffs' vehicle;

(n) Negligently and carelessly failing to see and be aware of what was in his view;

(o) Negligently and carelessly failing to use reasonable care to avoid a collision;

(p) Negligently and carelessly failing to yield to other traffic and vehicles;

(q) Reckless driving;

(r) Negligently and carelessly driving while distracted;

(s) Other acts of negligence to be shown at a hearing of this cause.

82. The negligent acts and/or omissions of Defendants were a direct and proximate cause of the subject crash and the Plaintiffs' injuries and damages set forth herein.

IV.

## NEGLIGENCE PER SE – DEFENDANT MARTINEZ

83. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 82 above as if set forth fully herein.

84. Plaintiffs charge and aver that at the time of the wreck in question, the following ordinances of the City of Jackson, Tennessee, were in full force and effect and were violated by Defendant Martinez, to-wit:

> **Section 15-403. Reckless driving.**
> Irrespective of the posted speed limit, no person, including operators of emergency vehicles, shall drive any vehicle in willful or wanton disregard for the safety of persons or property.

11

**Section 15-424. Following too closely.**
The driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of other vehicles and for other traffic and road conditions.

**Section 15-501. Speed limits established.**
(1) Signs posted. It shall be unlawful for any person to operate or drive a motor vehicle upon any of the highways and streets of the city upon which signs to restrict speed have been erected, in excess of the maximum speed limit indicated by such sign.

85. Plaintiffs charge and aver that at the time of the wreck in question, the following statutes of the Tennessee Code Annotated were in full force and effect and were violated by Defendant Martinez, to-wit:

**Section 55-8-103. Required obedience to traffic laws.**
It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

**Section 55-8-123 Driving on roadways laned for traffic.**
Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.

**Section 55-8-124. Following too closely.**
(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

**Section 55-8-136. Drivers to exercise due care.**
(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by

12

keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

**Section 55-8-197. Failure to yield right of way**
Failing to yield right-of-way.

**Section 55-10-202. Operating a vehicle contrary to law.**
(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in a manner contrary to law.

**Section 55-10-205. Reckless driving.**
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

86. Plaintiffs charge and aver that one, some, or all aforesaid acts of common law negligence, violations of the Ordinances of the City of Jackson, Tennessee, and Tennessee Code Annotated by Defendant, Martinez were a direct and proximate cause of the wreck at issue and Plaintiffs, Thomas F. Chambliss and Patricia A. Chambliss's resulting injuries and damages to be hereinafter set out with more particularity.

V.

## NEGLIGENT ENTRUSTMENT – LJI

87. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86 above as if set forth fully herein.

88. The Defendant LJI negligently entrusted the subject vehicle being used for commercial purposes to Defendant Martinez.

89. The Defendant Martinez was operating the subject vehicle being used for commercial purposes at the time of the wreck that gave rise to this cause of action.

90. The Defendant LJI knew or should have known of Defendant Martinez's unfitness and incompetence to operate a vehicle being used for commercial purposes in interstate commerce

that would create an unreasonable risk of harm to others on the roadway and led to the Plaintiffs' injuries and damages set forth herein.

91. The negligent entrustment of the subject vehicle being used for commercial purposes by the Defendant LJI proximately caused the wreck, and the Plaintiffs' injuries and damages set forth herein.

## VI.

### NEGLIGENT ENTRUSTMENT –AI

92. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 91 above as if set forth fully herein.

93. The Defendant AI negligently entrusted the subject vehicle being used for commercial purposes to Defendant Martinez.

94. The Defendant Martinez was operating the subject vehicle being used for commercial purposes at the time of the wreck that gave rise to this cause of action.

95. The Defendant AI knew or should have known of Defendant Martinez's unfitness and incompetence to operate a vehicle being used for commercial purposes in interstate commerce that would create an unreasonable risk of harm to others on the roadway and led to the Plaintiffs' injuries and damages set forth herein.

96. The negligent entrustment of the subject vehicle being used for commercial purposes by the Defendant AI proximately caused the wreck, and the Plaintiffs' injuries and damages set forth herein.

## VII.

### NEGLIGENT ENTRUSTMENT –AI-LJI

97. Plaintiff incorporates by reference the allegations contained in Paragraphs 1

through 96 above as if set forth fully herein.

98. The Defendant AI-LJI negligently entrusted the subject vehicle being used for commercial purposes to Defendant Martinez.

99. The Defendant Martinez was operating the subject vehicle being used for commercial purposes at the time of the wreck that gave rise to this cause of action.

100. The Defendant AI-LJI knew or should have known of Defendant Martinez's unfitness and incompetence to operate a vehicle being used for commercial purposes in interstate commerce that would create an unreasonable risk of harm to others on the roadway and led to the Plaintiffs' injuries and damages set forth herein.

101. The negligent entrustment of the subject a vehicle being used for commercial purposes by the Defendant AI-LJI proximately caused the wreck, and the Plaintiffs' injuries and damages set forth herein.

## VIII.

### INJURIES AND DAMAGES – PATRICIA A. CHAMBLISS

102. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 101 above as if set forth fully herein.

103. Plaintiff Patricia A. Chambliss alleges that as a direct and proximate result of the hereinabove described violations of the common law, city ordinances, and state statutes, by the Defendants, Plaintiff Patricia A. Chambliss sustained multiple, serious, and disabling injuries to her body as a whole, including, but not limited to left hip fracture resulting in a total hip replacement; back, neck, left leg, and pelvis pain; disfigurement; permanent impairment; temporary and permanent disability and temporary garden variety mental anguish.

104. Plaintiff Patricia A. Chambliss, further alleges that she has endured pain and

suffering and will continue to endure pain and suffering due to her injuries arising out of the subject crash.

105. Plaintiff Patricia A. Chambliss alleges that she has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate her pain and suffering and verily believes that she will incur said expenses in the future.

106. Plaintiff Patricia A. Chambliss further alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject crash, past, present, and future.

107. Plaintiff Patricia A. Chambliss alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendants, she sustained loss of earnings, past, present, and future.

108. Plaintiff Patricia A. Chambliss alleges that she has sustained garden variety mental anguish as a result of the subject incident but has not sustained any type of permanent mental anguish.

109. Plaintiff Patricia A. Chambliss, as the lawful wife of Plaintiff Thomas F. Chambliss, and alleges that as a direct and proximate result of the acts of negligence of Defendants and the resulting collision, she sustained the loss of her husband's love, affection, and society and, therefore, sues Defendants for loss of consortium.

## IX.

## INJURIES AND DAMAGES – THOMAS F. CHAMBLISS

110. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 109 above as if set forth fully herein.

111. Plaintiff Thomas F. Chambliss alleges that as a direct and proximate result of the

hereinabove described violations of the common law, city ordinances, and state statutes, by the Defendants, Plaintiff Thomas F. Chambliss sustained multiple, serious, and disabling injuries to his body as a whole, including, but not limited to back, shoulder, and neck pain; disfigurement; permanent impairment; temporary and permanent disability and temporary mental anguish.

112. Plaintiff Thomas F. Chambliss further alleges that he has endured pain and suffering and will continue to endure pain and suffering due to his injuries arising out of the subject crash.

113. Plaintiff Thomas F. Chambliss alleges that he has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

114. Plaintiff Thomas F. Chambliss further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject crash, past, present, and future.

115. Plaintiff Thomas F. Chambliss alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendants, he sustained loss of earnings, past, present, and future.

116. Plaintiff Thomas F. Chambliss alleges that he has sustained garden variety mental anguish as a result of the subject incident but has not sustained any type of permanent mental anguish.

117. Plaintiff Thomas F. Chambliss, as the lawful husband of Plaintiff Patricia A. Chambliss, alleges that as a direct and proximate result of the acts of negligence of Defendants and the resulting collision, he sustained the loss of his wife's love, affection, and society and, therefore, sues Defendants for loss of consortium.

## X.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Patricia A. Chambliss sues the Defendants for a reasonable amount of restitution and compensation for damages to be determined by twelve Honorable and good citizens of Madison County, Tennessee, but not to exceed the sum of **FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00)**.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Thomas F. Chambliss sues the Defendants for a reasonable amount of restitution and compensation for damages to be determined by twelve Honorable and good citizens of Madison County, Tennessee, but not to exceed the sum of **FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00)**.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Patricia A. Chambliss and Thomas F. Chambliss respectfully pray for pre-judgment interest pursuant to T.C.A. § 47-14-123 and pursuant to the contracts of insurance for uninsured/underinsured motorist benefits and the common law of the State of Tennessee from the Unnamed Defendant, Safeco Insurance Company of Illinois.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Patricia A. Chambliss and Thomas F. Chambliss respectfully pray for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

NAHON SAHAROVICH & TROTZ, PLC

_____
Glenn K. Vines, Jr. (BPR #19637)
Attorney for Plaintiffs
488 South Mendenhall
Memphis, Tennessee 38117
Phone: (901) 462-3338
Fax:     (901) 746-1514

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL
BY JURY AS TO ALL COUNTS HEREIN.**

19