# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION, AT JACKSON

---

PATRICIA A. CHAMBLISS,
THOMAS F. CHAMBLISS,

    **Plaintiffs,**

**vs.**                                                    **Docket No. 21-1136**

FELIPE MARTINEZ, IV;
LUEBE-JONES, INC.;
AVADEK, INC.;
AVADEK, INC. d/b/a LUEBE-JONES, INC.;
PERFECTION ARCHITECTURAL SYSTEMS, LLC;
and ENTERPRISE FM TRUST;

    **Defendants.**

---

### ANSWER OF ENTERPRISE FM TRUST

---

Comes now Defendant, **ENTERPRISE FM TRUST** ("Enterprise FM"), and answers the complaint filed against it and states:

## I.

To the extent that the complaint fails to state a cause of action against it for which relief can be granted, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.

The complaint should be dismissed pursuant to the Federal Transportation Equity Act of 2005, 49 USC §30106, also commonly known as the "Graves Amendment." Pursuant to the

Graves amendment an automobile leasing company vehicle owner cannot be held vicariously liable.  Enterprise FM is involved in the trade or business of leasing motor vehicles, was not engaged in or with the operation of the subject vehicle at the time of the accident and did not engage in any negligent or criminal wrongdoing.  Accordingly, as federal law preempts the application of any state law which might otherwise seek to impose liability on Enterprise FM pursuant to the protections and immunities afforded by the Graves Amendment, Enterprise FM should be dismissed with prejudice from this action.

III.

As to the separate allegations in the complaint, Enterprise FM states:

1.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 1 of the complaint and therefore denies same.

2.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 2 of the complaint and therefore denies same.

3.       It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 3 of the complaint, but given that Enterprise FM consents to and joins in the removal of this action, for purposes of diversity jurisdiction, it does not contest the allegation of the state of residence and citizenship of Mr. Martinez.

4.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 4 of the complaint, but given that Enterprise FM consents to and joins

in the removal of this action, for purposes of diversity jurisdiction, it does not contest the allegation of the state of domicile and principal place of business of defendant, Luebe-Jones, Inc.

5.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 5 of the complaint.

6.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 6 of the complaint.

7.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 7 of the complaint.

8.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 8 of the complaint, but given that Enterprise FM consents to and joins in the removal of this action, for purposes of diversity jurisdiction, it does not contest the allegation of the state of domicile and principal place of business of defendant, AVAdek, Inc.

9.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 9 of the complaint.

10.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 10 of the complaint.

11.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 11 of the complaint.

12.      It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 12 of the complaint, but given that Enterprise FM consents to and joins

3

in the removal of this action, for purposes of diversity jurisdiction, it does not contest the allegation of the state of domicile and principal place of business of defendant, AVAdek, Inc. d/b/a Luebe-Jones, Inc.

13.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 13 of the complaint.

14.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 14 of the complaint.

15.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 15 of the complaint.

16.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 12 of the complaint, but given that Enterprise FM consents to and joins in the removal of this action, for purposes of diversity jurisdiction, it does not contest the allegation of the state of domicile and principal place of business of defendant, Perfection Architectural Systems, LLC.

17.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 17 of the complaint.

18.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 18 of the complaint.

19.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 19 of the complaint.

20.     In answer to the allegations in paragraph 20 of the complaint it is admitted that Enterprise FM is a Delaware statutory trust with its principal place of business in the state of Missouri but all further and contrary allegations are denied.

21.     In answer to the allegations in paragraph 21 of the complaint it is admitted that enterprise FM's trustee is the bank of New York Mellon, headquartered at 301 Bellevue Pkwy, 3rd floor, Wilmington, DE 19809, but any contrary allegations are denied.

22.     In answer to the allegations in paragraph 22 of the complaint, it is admitted that jurisdiction and venue properly lies in the United States District Court for the Western District of Tennessee at Jackson.

23.     All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

24.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 24 of the complaint.

25.     The allegations in paragraph 25 of the complaint are denied.

26.     The allegations in paragraph 26 of the complaint are denied.

27.     The allegations in paragraph 27 of the complaint are denied.

28.     The allegations in paragraph 28 of the complaint are denied.

29.     The allegations in paragraph 29 of the complaint are denied.

30.     The allegations in paragraph 30 of the complaint are denied.

31.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 31 of the complaint.

32.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 32 of the complaint.

33.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 33 of the complaint.

34.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 34 of the complaint.

35.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 24 of the complaint.

36.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 36 of the complaint.

37.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 37 of the complaint.

38.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 38 of the complaint.

39.     The allegations in paragraph 39 of the complaint are denied.

40.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 40 of the complaint.

41.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 41 of the complaint.

42.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 42 of the complaint.

43.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 43 of the complaint.

44.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 44 of the complaint.

45.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 45 of the complaint.

46.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 46 of the complaint.

47.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 47 of the complaint.

48.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 48 of the complaint.

49.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 49 of the complaint.

50.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 50 of the complaint.

51.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 51 of the complaint.

52.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 52 of the complaint, but it is specifically and categorically denied that Enterprise FM has any liability, vicarious or otherwise, in this matter.

53.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 53 of the complaint.

54.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 54 of the complaint.

55.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 55 of the complaint.

56.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 56 of the complaint.

57.     The allegations in paragraph 57 of the complaint are denied.

58.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 58 of the complaint.

59.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 59 of the complaint.

60.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 60 of the complaint.

61.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 61 of the complaint.

62.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 62 of the complaint.

63.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 63 of the complaint.

64.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 64 of the complaint.

65.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 65 of the complaint.

66.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 66 of the complaint.

67.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 67 of the complaint.

68.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 68 of the complaint.

69.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 69 of the complaint.

70.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 70 of the complaint.

71.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 71 of the complaint.

72.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 72 of the complaint.

73.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 73 of the complaint.

74.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 74 of the complaint.

75.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 75 of the complaint.

76.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 76 of the complaint.

77.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 77 of the complaint.

78.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 78 of the complaint.

79.    All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

80.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 80 of the complaint.

81.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 81 of the complaint, but it is specifically and categorically denied that any acts and/or omissions of any nature are imputed to Enterprise FM.

82.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 82 of the complaint, but it is specifically and categorically denied that it engaged in any negligent acts and/or omissions or that any acts and/or omissions of any nature are imputed to Enterprise FM.

83.     All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

84.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 84 of the complaint.

85.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 85 of the complaint.

86.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 86 of the complaint.

87.     All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

88.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 88 of the complaint.

11

89.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 89 of the complaint.

90.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 90 of the complaint.

91.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 91 of the complaint.

92.     All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

93.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 93 of the complaint.

94.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 94 of the complaint.

95.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 95 of the complaint.

96.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 96 of the complaint.

97.     All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

98.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 98 of the complaint.

99.     It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 99 of the complaint.

100.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 100 of the complaint.

101.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 101 of the complaint.

102.    All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

103.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 103 of the complaint.

104.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 104 of the complaint.

105.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 105 of the complaint.

106.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 106 of the complaint.

107.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 107 of the complaint, but it is specifically and categorically denied that Enterprise FM was negligent or is otherwise liable under any theory of law or fact.

108.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 108 of the complaint.

109.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 109 of the complaint.

110.    All answers and responses to all previous allegations in plaintiffs' complaint are incorporated here and now as though set forth fully verbatim.

111.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 111 of the complaint, but it is specifically and categorically denied that Enterprise FM was negligent or is otherwise liable under any theory of law or fact.

112.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 112 of the complaint.

113.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 113 of the complaint.

114.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 114 of the complaint.

115.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 115 of the complaint, but it is specifically and categorically denied that Enterprise FM was negligent or is otherwise liable under any theory of law or fact.

116.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 116 of the complaint.

117.    It is without information or knowledge sufficient to form a belief as to the allegations in paragraph 117 of the complaint, but it is specifically and categorically denied that Enterprise FM was negligent or is otherwise liable under any theory of law or fact.

118.     All allegations in plaintiffs' complaint not hereinabove admitted, explained, or denied are here and now denied as though specifically and categorically denied.  Enterprise FM further specifically and categorically denies any of the allegations of any other parties conduct or allegations directed toward any other parties on the basis of the lack of information or knowledge sufficient to form a belief thereof.

### III.  Affirmative Defenses

 For further and affirmative defense, without assuming any burden not otherwise imposed by law, Enterprise FM avers:

1.     To the extent any injuries or damages that plaintiff Patricia Chambliss claims to have suffered were caused by the fault of plaintiff Thomas Chambliss or some other person or entity for whom the defendants are not legally responsible, then of any recovery sought herein should be reduced proportionately or in the alternative barred completely under the Tennessee doctrine of comparative fault.

2.     To the extent any injuries or damages that plaintiff Thomas Chambliss claims to have suffered were caused by the fault of some other person or entity for whom the defendants

are not legally responsible, then of any recovery sought herein should be reduced proportionately or in the alternative barred completely under the Tennessee doctrine of comparative fault.

3.      To the extent that any injuries or damages sought by either plaintiff to this action resulted from the failure to mitigate, then the conduct of plaintiffs in the failure to mitigate should limit, reduce or bar altogether any recovery sought herein.

4.      To the extent that any injuries or damages sought by either plaintiff to this action resulted from the fault of such plaintiff, and any recovery sought herein by such plaintiff should be reduced proportionately or in the alternative barred completely under the Tennessee doctrine of comparative fault.

5.      It engaged in no negligent or wrongful criminal conduct which would warrant the imposition of any liability and in accordance with the Graves Amendment, as pled above, should be dismissed from this action with prejudice.

6.      It reserves the right to amend its answer, raising any additional affirmative defenses which may be warranted following further investigation and discovery.

And now having answered plaintiffs' complaint and each and every allegation therein, Enterprise FM prays that plaintiffs be denied any of the relief sought and that their complaint be dismissed with prejudice and that it be allowed to proceed hence with all reasonable costs and such further relief to which it may be justly entitled.

Respectfully submitted,

SHUTTLEWORTH PLLC

BY:    /s/Michael G. Derrick          
                MICHAEL G. DERRICK (#14820)
                mderrick@swlawpllcPLLC.com
                Vickie Moffett Cruzen
                vmoffettcruzen@swlawpllc.com
                6077 Primacy Pkwy., Suite 200
                Memphis, Tennessee 38119
                (901)526-7399
                **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing document has been forwarded, via the Court's electronic filing system, this the 21st day of October, 2021 to:

Glenn K. Vines, Jr.
gvines@nstplc.com
R. Deniger Cobb, Jr.
dcobb@nstlaw.com
Nahon Saharovich & Trotz, PLC
488 South Mendenhall
Memphis, Tennessee 38117
**Attorneys for Plaintiffs**

                    /s/Michael G. Derrick          
                    MICHAEL G. DERRICK